# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY HARTRIM, | Case No.: 2:11-cv-00003-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss, or in the Alternative Motion for Partial Summary Judgment #5, Motion for Leave to Amend #14) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada; OFFICER FERRANTE, P#13331, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department; OFFICER DELARIA, P#13338, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department; DOES OFFICERS I-XX, each individually and in their official capacities as police officers employed by the Las Vegas Metropolitan Police Department; CALIFORNIA HOTEL AND CASINO, a Nevada Corporation d/b/a SAM'S TOWN HOTEL, GAMBLING HALL AND BOWLING CENTER; DOE SECURITY OFFICERS I-XX and JOHN DOE I-XX inclusive, | |
| Defendants. | |

AO 72
(Rev. 8/82)

1

Before the Court is Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer DeLaria, and Officer Ferrante's **Motion to Dismiss or in the Alternative Motion for Partial Summary Judgment** (#5, filed Jan. 6, 2011). The Court has also considered Plaintiff Jerry Hartrim's Opposition (#11, filed Jan. 28, 2011), and Defendants' Reply (#13, filed Feb. 7, 2011).

Also before the Court is Plaintiff's **Motion to Amend Complaint** (#14, filed May 31, 2011). The court has also considered LVMPD's Opposition (#15, filed June 8, 2011). California Hotel and Casino, d/b/a Sam's Town Hotel, Gambling Hall, and Bowling Center ("Sam's Town") joined the opposition. (#16, filed Jun. 15, 2011).

## BACKGROUND

This dispute arises out of Plaintiff's allegations that Defendants violated his constitutional and statutory rights while a guest at Sam's Town. Plaintiff alleges that while he was a guest at Sam's Town in November 2008 he left his room to attend a softball tournament. When he returned that evening he found an unknown woman inside his room, using his and his wife's belongings. After discovering this stranger in his room, he called the front desk to complain. Both Metro officers and Sam's Town security officers were then sent to his room. Plaintiff further claims he was talking with the Defendant officers when three of the police officers pushed him into the hallway and told him to stop resisting arrest. Plaintiff claims that he responded by saying, multiple times, that he was not resisting. Nonetheless, an officer told him to stop moving and threatened him with a taser if he did not desist. The Defendant officers then took Plaintiff downstairs in handcuffs and issued him a citation for obstructing an officer. The citation was dismissed on May 14, 2009.

On November 15, 2010, Plaintiff filed suit in the Eighth Judicial District Court for the State of Nevada, and subsequently served the Defendants with notice on December 14th. Defendants removed the case to this Court on January 3, 2011. The Complaint alleges the following six claims: (1) illegal custom, policy, and practice under 42 U.S.C. § 1983, (2) civil

1  rights violations against Sam's Town and individual police officers also under § 1983, (3) false
2  imprisonment, (4) conspiracy, (5) negligence, and (6) intentional infliction of severe mental
3  distress.  LVMPD has since filed a motion to dismiss the state causes of action (claims 3–6) for
4  failing to give notice to the LVMPD within two years of the incident pursuant to NRS § 41.036(2).
5  Plaintiff has also filed a motion to amend his complaint to identify Sam's Town by its proper
6  name.  For the reasons discussed below, the Court grants Plaintiff's motion to amend and grants
7  the Defendants' motion to dismiss.

**DISCUSSION**

**I.    Motion to Amend the Complaint**

Plaintiff seeks to amend his original complaint simply to properly name Defendant Sam's Town.  Though Defendants filed an opposition to this motion, they explicitly stated in their opposition that they do not oppose the granting of the motion.  Defendants merely request the Court either first rule on their motion to dismiss or apply their motion to dismiss to the amended complaint as the amendment merely fixes Sam's Town's name.  The Court grants Plaintiff's motion, enters the Amended Complaint, and will apply the motion to dismiss to the Amended Complaint.

**II.   Motion to Dismiss**

**A.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

**B.     Substantial Compliance with NRS § 41.036(2)**

Nevada law states that a person who has a tort claim against a political subdivision of the State must file notice of the claim to the governing body of that subdivision within two years of the time the cause of action accrues.  NRS § 41.036(2).  NRS § 41.036(2) applies in this case because the LVMPD is a political subdivision of the State.

**1.     Substantial compliance to time restrictions**

NRS § 41.036(2) does not allow for substantial compliance in order to meet its time restriction.  "Under Nevada law, statutes setting forth explicit time restrictions generally are mandatory, and substantial compliance will not suffice, particularly where the statute does not include a 'built-in grace period or safety valve provision.'"  *Zaic v. Las Vegas Metro. Police Dept.*, 2:10-cv-01814-PMP-GWF, 2011 WL 884335, *5 (D. Nev. Mar. 11, 2011) (quoting *Leven v. Frey,* 168 P.3d 712, 717-18 (Nev. 2007)).

4

Plaintiff argues that he substantially complied with NRS 41.036(2) by filing the complaint within the two-year period although he did not serve notice on Defendants until one month after the time limit expired. However, since this statute does not have a built-in grace period, substantial compliance does not suffice. Therefore, Plaintiff's claim is barred because Plaintiff did not serve notice of the complaint within the time period set forth by the statute. *See id.* (holding that service of the complaint one month after the notice period expired was insufficient to comply with the NRS § 41.036(2)).

### 2.     Defendant's Lack of Formal Procedures to Provide Notice

"LVMPD's lack of formal procedures for making such a claim does not relieve a tort plaintiff from satisfying the notice requirement in § 41.036(2) by some means within the two-year period." *Zaic,* at *2.

Plaintiff argues that LVMPD lacks formal procedures to comply with the notice requirement of NRS 41.036(2). However, Plaintiff does not state that he attempted to give any notice to LVMPD within the two-year period. He only states that if he had attempted to give notice on time, LVMPD lacked the necessary formal procedures to comply with the statute. The Court does not find this argument persuasive because Plaintiff made no attempt to give any notice to Defendant within the two-year limit.

### C.     Constitutionality of NRS § 41.036(2)

The *Zaic* Court held that NRS § 41.036(2) is constitutional because, under the doctrine of sovereign immunity, the state could have opted not to allow any suits against itself or its political subdivisions and, therefore, the state may create limitations to any such waiver. *Zaic*, at *3. The *Zaic* Court supported this conclusion by quoting *Johnson v. Maryland State Police*, 628 A.2d 162, 166 (Md. 1993), which states, "the legislature's permission to sue in tort a previously immune sovereign can reasonably be accompanied by such terms and provisions as the legislature wishes to impose upon that right." *See also Rowland v. Washtenaw County Road Comm'n*, 731 N.W.2d 41, 51 n.9 (Mich. 2007) (collecting cases from various jurisdictions holding that notice-

of-claim statutes do not violate the equal protection clause). The *Johnson* Court further describes the rational basis for the time limits on these statutes, "[the time limit] enables the State to make early decisions on the merits of particular claims, and allows the State to take remedial safety measures more quickly, thereby minimizing the cost of litigation for the taxpayers." *Johnson*, at 167.

Plaintiff claims that NRS § 41.036(2) is unconstitutional because it violates the Plaintiff's equal protection rights under the Constitution by creating two classes of tort victims (those suffering governmental harm and those suffering private harm) with different prerequisites to suit. Plaintiff bases his argument on *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879 (1973) and *Jimenez v. State,* 98 Nev. 204, 644 P.2d 1023 (1982), which held that requiring notice of a governmental tort claim within six months of the accrual of the injury was unconstitutional under the equal protection clause because a private tort claimant had a two year statute of limitations. However, these cases regarded an older version of § 41.036 that required notice of a claim as a condition precedent to filing suit, and required notice to be filed within six months of the accrual of the incident rather than two years. Plaintiff's arguments fail because *Turner* and *Jimenez* are both distinguishable from the present case as the statute has been substantially amended. The current § 41.036(2) does not require the claimant to give notice as a condition precedent to filing suit, and gives a claimant two years to notify the political subdivision of the claim which is similar to the private tort two-year time restriction under NRS § 11.190(4). Further, "to the extent *Turner* stands for the proposition that a claims notice requirement like that in § 41.036(2) violates equal protection under the United States Constitution, the Court disagrees for the reasons set forth" in this order, *Johnson*, and *Zaic*. *Zaic*, at *5.

### D. Tolling

Plaintiff asserts that equitable and other tolling principles should apply to this statute and relies on *Harding v. Galceran*, 889 F.2d 906 (9th Cir. 1989). However, *Harding* is a federal civil rights case that looked to California law regarding statutory limits and tolling

principles where the plaintiff could not file suit against a police officer until the relevant criminal matter was completed. Plaintiff fails to cite any Nevada law that states criminal proceedings must be resolved before a complaint can be filed against a peace officer. Therefore, the Court rejects Plaintiff's argument that the statute should be tolled on this basis.

In sum, the Court finds that Plaintiff has failed to state a claim upon which relief could be granted because Plaintiff failed to comply with NRS § 41.0366(2)'s timely notice requirement. Thus, the Court dismisses Plaintiff's state claims as against LVMPD, Officer DeLaria, and Officer Ferrante.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint (#14) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#5) is GRANTED as follows:

- Plaintiff's claims for false imprisonment, conspiracy, negligence, and, intentional infliction of severe mental distress are dismissed as against LVMPD, Officer DeLaria, and Officer Ferrante.

Dated: July 8, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**